UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EVAN HUZINEC,** | Civil Action No. 16-2754 FLW-DEA |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| **SIX FLAGS GREAT ADVENTURE, LLC, et al.,** | |
| **Defendants.** | |

**ARPERT, UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on a Motion by Plaintiff Evan Huzinec for leave to file an Amended Complaint, seeking to add Six Flags Theme Parks Inc. as a Defendant. ECF No. 28. Defendants Six Flags Great Adventure LLC and Six Flags Entertainment Corp. oppose the Motion. The Court has carefully reviewed the submissions of the parties and considers same without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Motion is **GRANTED.**

### I. BACKGROUND[1]

Plaintiff filed his Complaint on May 16, 2016, alleging negligence and other claims arising out of a July 5, 2014 incident in which he was injured by a falling cellphone while riding the El Toro roller coaster at the Six Flags Great Adventure Park in Jackson, New Jersey. ECF No. 1. Plaintiff allegedly sustained "extensive internal and external injuries in and about the head, face, eye and body, including but not limited to, loss of vision in the right eye" and

---

[1] The following facts are taken from Plaintiff's Complaint and proposed Amended Complaint and are assumed true for purposes of this Memorandum and Order.

significant damage to the bones and structures of the right eye socket. *Id.* at Count 1 at ¶6. Plaintiff claims the cause of this incident was Defendants' negligence in the operation of the El Toro ride and surrounding premises, namely failing to enforce a no-cellphone policy on the El Toro ride. *Id.* at ¶5. Plaintiff further claims Defendants breached express and implied warranties that their property and rides were safe. *Id.* at Count 2 at ¶3. Finally, Plaintiff claims Defendants concealed evidence by failing to preserve surveillance video, the cellphone that struck Plaintiff, written reports and other evidence at one time in their possession memorializing the incident and the injuries to Plaintiff. *Id.* at Count 3 at ¶¶5,6.

Defendants filed a Motion to Dismiss on June 7, 2016. ECF No. 7. U.S. District Judge Freda L. Wolfson dismissed Plaintiff's claims for breach of implied and express warranty, as well as Plaintiff's claim for fraudulent concealment and request for punitive damages in Counts 3 and 4. *See* Order at ECF No. 11. Defendants then filed an Answer to the remaining Counts in the Complaint, along with Affirmative Defenses and Crossclaims against unnamed persons or entities listed as co-Defendants. ECF No. 12. Defendants filed a Third-Party Complaint in April 2017 against Brazilian tour operator For Fun Tours, two employees of For Fun Tours, and the participant in a For Fun Tours trip visiting Six Flags who allegedly dropped the cellphone that hit Plaintiff. ECF No. 16 at ¶¶3-6,15-17. Defendants shortly thereafter filed an Amended Third-Party Complaint that added Celebration Tours and Travel, Inc., a Florida corporation Defendants claim contracts with For Fun Tours to coordinate tours to destinations in the United States, including Six Flags Great Adventure in Jackson, New Jersey. ECF No. 19 at ¶4. Celebration Tours filed a Motion to Dismiss for lack of Jurisdiction in September 2017. ECF No. 30. Plaintiff filed an informal application with the Court seeking to amend his Complaint. Defendants by letter dated October 2, 2017 opposed, requesting that the Court order Plaintiff to

file a formal motion, which this Court granted. *See* ECF No. 36. Plaintiff subsequently filed a Motion to Amend on October 30, 2017, seeking to name Six Flags Theme Parks Inc. as a Defendant, based on Defendants' answers to interrogatories indicating that the safety and operating manual for the El Toro ride is owned by Six Flags Theme Parks Inc. *See* ECF No. 39-3 at pp.2-3. That Motion was adjourned, ECF No. 43, and later terminated by this Court without prejudice in December 2017 "subject to renewal after completion of the deposition of Defendants' corporate designee." ECF No. 47 at ¶1. This Court in April 2018 issued a Letter Order providing that the deposition of Defendants' corporate designee "shall be conducted by Plaintiff's counsel no later than April 20, 2018." ECF No. 49. Also in April 2018, Judge Wolfson granted a Motion to Dismiss filed by Third Party Defendant Celebration Tours for lack of personal jurisdiction. ECF Nos. 50,51. In May 2018, this Court stayed all deadlines and discovery pending the completion of mediation. ECF No. 52. The action was restored to the active docket by Order dated November 27, 2018. ECF No. 54. That Order set March 11, 2019 as the deadline for filing any motions to amend or join new parties. *Id.* That deadline was later extended to April 28, 2019. ECF No. 55. On April 26, 2019, Plaintiff filed the instant Motion. ECF No. 56. Defendants filed a Certification of Counsel in opposition to the Motion on May 6, 2019. ECF No. 58.

II. **LEGAL STANDARD**

A party may amend its pleading once as a matter of right within either (1) twenty-one days of serving it; or (2) where the pleading is one to which a responsive pleading is required, the earlier of twenty-one days following service of the responsive pleading or a motion to dismiss. Fed. R. Civ. P. 15(a)(1). Once those deadlines have expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant

3

leave to amend rests within the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330 (1970) (*citing* Foman v. Davis, 371 U.S. 178, 182 (1962) (Dictum)). In determining a motion for leave to amend, courts consider the following factors: "(1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (*quoting* Foman, 371 U.S. at 182)).

### III. ANALYSIS

Plaintiff cannot timely file an Amended Complaint as of right pursuant to Fed. R. Civ. P. 15(a). That rule limits amendments "as of right" to 21 days after the service of either a responsive pleading or a Rule 12 motion, whichever is earlier. Defendants filed a Motion to Dismiss in June 2016, ECF No. 7, followed in January 2017 by an Answer. ECF No. 12. Regardless of which date the Court were to look to it is clear Plaintiff requires either Defendant's consent or this Court's leave to amend the Complaint. As Defendants oppose the Motion, Plaintiff can amend the Complaint only with this Court's leave.

Plaintiff argues justice requires allowing him to add Six Flags Theme Parks Inc. as a Defendant. Plaintiff points first to the El Toro Standard Operating Procedures manual it obtained in discovery from Defendants, a manual stating that "[t]he information contained herein is proprietary and is owned in its' (sic) entirety by Six Flags, Inc. This manual is to be used exclusively by authorized associates of Six Flags Theme Parks, Inc…." *See* Pl. Br. in Sup. of Mot., ECF No. 56 at p.3 (*quoting* El Toro Standard Operating Procedures, at ECF No. 56, Exhibit A) (filed under seal)). Plaintiff further points to the deposition of Jason Freeman, who

testified as Defendants' corporate designee pursuant to Fed. R. Civ. P. 30(b). *Id.* at pp.3-9. Plaintiff contends Mr. Freeman testified that Six Flags Inc. is not in existence and "was the company that was used prior to our bankruptcy." *Id.* at p.4 (*quoting* Freeman Dep. at p.20:22-23). Mr. Freeman further testified, Plaintiff says, that Six Flags Theme Parks Inc., which employs him, is the parent company of Six Flags Great Adventure LLC, and that he is an officer in both entities. *Id.* at pp.3-4 (*citing* Freeman Dep. at p.20:20-25). Plaintiff contends Mr. Freeman testified that as Corporate Vice-President of Security, Safety, Health and Environmental at Six Flags Entertainment Corp., though his employment by Six Flags Theme Parks Inc., one of his jobs is to provide oversight and guidance to parks including Six Flags Great Adventure LLC. *Id.* at p.5 (*citing* Freeman Dep. at p.90:12-18). In that function, Plaintiff contends, Mr. Freeman testified that his duties include helping to create, implement and promulgate safety policies. *Id.* at p.6 (*citing* Freeman Dep. at p.91:24-25, 92:1-10). Plaintiff contends Mr. Freeman testified that one such policy that was changed was to make the no-phone policy of the adjacent Kingda Ka ride also applicable to El Toro. *Id.* at p.9 (*citing* Freeman Dep. at p.94:13-25, 95:1-3).

Plaintiff contends the manual provided in discovery and the testimony of Mr. Freeman show that Six Flags Theme Parks Inc. "together with defendants, created, implemented and promulgated the policies and procedures including cell phone policy at the park where plaintiff was blinded." *Id.* at p.10. Plaintiff says this demonstrates that the purpose of the instant motion is not "undue delay, bad faith or dilatory motive" but solely prompted by the information it obtained from Defendants in discovery. *Id.* Furthermore, Plaintiff says, "defendants will not be prejudiced as a result of adding this entity at this junction of the litigation." *Id.*

Defendants oppose the Motion, arguing that the "policies and procedures for operation of the El Toro roller coaster are established by Six Flags Great Adventure, LLC, based on state law ASTM standards, and the manufacturer's requirements." *See* Cert. of Eichenbaum, ECF No. 58 at ¶19. Defendants contend "the ownership of intellectual property [related to the manual] has no bearing whatsoever on the issues herein." *Id.* at ¶20. Furthermore, Defendants contend, "[t]here is absolutely no evidence to even suggest that [Six Flags Entertainment Corp.] or Six Flags Theme Parks Inc. has any involvement whatsoever in these policies and procedures." *Id.*

Defendants point to different sections of the deposition where, they contend, Mr. Freeman testified that "each park creates its own [standard operating procedure] manuals." *Id.* at ¶17 (*quoting* Freeman Dep., p,21:15-16). Defendants say Mr. Freeman also testified that the person in charge of creating the policies at Six Flags Great Adventure LLC was Len Tutora. *Id.* (*quoting* Freeman Dep., p.22:14-19). Defendants also point to the following deposition response from Mr. Freeman, after being asked if in his role as an officer he considered the speed that the roller coasters travel: "I don't give specific advice or guidance on the ride [standard operating procedure] unless I'm specifically asked, and on El Toro I was not asked." *Id.* (*quoting* Freeman Dep., p.98:7-13).

In accordance with Great Western, in considering a motion to amend the Complaint the Court must consider whether there is any (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment.

As an initial matter, the Court concludes that the instant Motion is not the result of undue delay on Plaintiff's part, nor have there been repeated failures by Plaintiff to cure any

6

deficiencies in the Complaint, while granting the Motion would not cause any undue prejudice to Defendants. The Court observes that Plaintiff twice sought to amend the Complaint before the instant Motion, the first time by informal application in October 2017, *see* ECF No. 36, and then by Motion. *See* ECF No. 39. But that Motion was adjourned, ECF No. 43, and then terminated by this Court without prejudice in December 2017 "subject to renewal after completion of the deposition of Defendants' corporate designee." ECF No. 47 at ¶1. Then in May 2018, this Court stayed all deadlines and discovery pending the completion of mediation, ECF No. 52, with the action not restored to the active docket until this Court's Order dated November 27, 2018. ECF No. 54. That Order set March 11, 2019 as the deadline for filing any motions to amend or join new parties, though that deadline was later extended to April 28, 2019. ECF No. 55. Plaintiff filed this Motion on April 26, 2019. ECF No. 56.

      Though the instant Motion was filed nearly three years after the Complaint was filed, the preceding timeline makes clear Plaintiff sought to amend the Complaint during the discovery period, based on evidence he says was received in discovery. The delay since then was the result of this Court's Orders and an interregnum during which the parties sought engaged in mediation. It is thus clear to the Court that the instant Motion does not represent undue delay on Plaintiff's part, nor is it the result of repeated failures by Plaintiff to cure any deficiencies through multiple prior amendments. It also is clear to the Court that Plaintiff's desire to amend the Complaint for the purpose of adding Six Flags Theme Parks Inc. has been well advertised both to the Court and to Defendants. Furthermore, Six Flags Theme Parks Inc. is related corporately to Defendants. Consequently, the Court concludes that granting the instant Motion would not result in undue prejudice to Defendants. These <u>Great Western</u> factors then all weigh in favor of granting the Motion.

Plaintiff contends its purpose of seeking to add Six Flags Theme Parks Inc. as a Defendant is to act on evidence obtained through discovery and does not represent bad faith or dilatory motive on its part. Defendants' opposition makes no express bad-faith argument, contending rather that there is no evidence to support Plaintiff's position that Six Flags Theme Parks Inc. played any role in the events of July 5, 2014. The Court construes this as an argument for futility of the proposed amendment and not bad faith on the part of Plaintiff in proposing the amendment. The Court is satisfied that the instant Motion does not represent bad faith or dilatory motive on behalf of the Plaintiff. Thus, this Great Western factor weighs in favor of granting the Motion.

The last Great Western factor considers whether the proposed amendment would be futile. As the Great Western Court concluded, "[u]nder Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend." Great Western, 615 F.3d at 175. Futile "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (*quoting* In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007). An amendment is futile if it "is frivolous or advances a claim...that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Imp., *Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). To determine if a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them. Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its

face[.]'" Duran v. Equifirst Corp., 2010 WL 918444, *2 (D.N.J. March 12, 2010) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put succinctly, the alleged facts must be sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In determining futility, the Court considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See* Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

As an initial matter, the Court observes that L. Civ. R. 15.1, which governs motions to amend pleadings, requires that a motion to amend the complaint must be accompanied by "a copy of the proposed amended pleading," as well as a form of the amended pleading that "indicate[s] in what respect[s] it differs from the pleading which it proposes to amend." Plaintiff's motion did not come with such attachments. "The purpose of [the rule] is to give the Court and the parties a chance to evaluate the sufficiency of the proposed amended pleading." Folkman v. Roster Fin. LLC, 2005 WL 2000169, at *8 (D.N.J. Aug. 16, 2005); *see also* P. Schoenfeld Asset Mgt. v. Cendant Corp., 142 F.Supp.2d 589, 622 (D.N.J.2001). Because the Motion was not filed with the required attachments, the Motion could be denied on that basis alone. Obuskovic v. Wood, 2016 WL 6471023, at *1, n.2 (D.N.J. Oct. 31, 2016). However, the preference in the Third Circuit is to dispose of cases on the merits whenever practicable. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984). Because Plaintiff's stated intent is solely to add one corporate entity as a Defendant and that corporate entity is related to the other Defendants already in this action, it is a simple matter for the Court to insert Six Flags Theme Parks Inc. wherever Six Flags Great Adventure LLC and Six Flags Entertainment Corp. already

9

are referenced in the Complaint to conceptualize how a proposed Amended Complaint would read and then review that proposed Amended Complaint through the prism of the futility-of-amendment prong.

As a threshold matter, the Court observes that Count I, which alleges negligence by the Six Flags entities already listed in the Complaint survived Defendants' Motion to Dismiss pursuant to Judge Wolfson's Opinion and Order. *See* ECF No. 50,51. Thus, the Court proceeds on the premise that Count I is not futile on its face as to Six Flags Great Adventure LLC and Six Flags Entertainment Corp.

Defendants contend the proposed Amended Complaint would be futile because "[t]here is absolutely no evidence to support any suggestion that [Six Flags Entertainment Corp.] or Six Flags Theme Parks, Inc. has any involvement whatsoever in these policies and procedures." *See* Cert. of Eichenbaum, ECF No. 58 at ¶19. The Court disagrees.

First, as already stated, the Court is proceeding on the premise that Count I is not futile on its face as to Six Flags Entertainment Corp., contrary to Defendants' assertions.

Second, Count I claims it was the negligence of Six Flags and "defendant, XYZ Entity (A-Z)" that caused Plaintiff's injuries. Defendants' Rule 30 designee, Mr. Freeman, testified that "Six Flags Theme Parks [] is basically the parent" and then that Six Flags Entertainment Corp. "is the holding company for Six Flags assets." *See* Pl.'s Br., ECF No. 56-2 at p.4 (*citing* Freeman Dep., ECF No. 56-4 at p.20:18-25). Mr. Freeman further testified that he is employed by Six Flags Theme Parks Inc. and is an officer of that entity as well as Defendant Six Flags Great Adventure LLC. *Id.* at p.5 (*citing* Freeman Dep., ECF No. 56-5 at p.90:1-7). Mr. Freeman stated that in his function as Corporate Vice President of Security, Safety, Health and Environmental at Six Flags Entertainment Corp. he provides oversight and guidance to parks including Six Flags

10

Great Adventure LLC. *Id.* (*citing* Freeman Dep., ECF No. 56-5 at p.90:12-18). In that position, Mr. Freeman testified, he is "looking at what they're doing to ensure that each park is following the proper procedure based on state regulations and so on." *Id.* at p.6 (*citing* Freeman Dep., ECF No. 56-5 at p.90:13-23). Defendants contend Mr. Freeman testified that safety procedures were solely the province of each individual Six Flags park and "it is based on ride manufacturers'" policies as well as state regulations. *See* Cert. of Eichenbaum, ECF No. 58 at ¶17 (*citing* Freeman Dep., p.44:14-20). But, the Court observes that Mr. Freeman also testified that the policy regarding cellphones being allowed on the El Toro roller coaster was changed "to make it consistent with its sister coaster that is adjacent to that ride…. The ride manufacturer did not have that in their manual written that way whereas their other rides, same manufacturer, has it written that says—Kingda Ka says nothing; El Toro says you can. *We've decided to make it consistent.*" *See* Pl. Br. at p.9 (*citing* Freeman Dep. at p.94:13-25, p.95:1-3) (*emphasis added*). It is clear Mr. Freeman used the plural noun in referring to the entity or entities that made that change, and that Mr. Freeman holds positions in Six Flags Great Adventure LLC and Six Flags Theme Parks Inc. Thus, the Court cannot conclude that adding Six Flags Theme Parks Inc. would be futile in that the Amended Complaint would not state a claim for which relief can be granted. The precise meaning of Mr. Freeman's testimony will be tested through the litigation. However, the Court is persuaded that one reasonable interpretation of Mr. Freeman's testimony is that Six Flags Theme Parks Inc., not only through its ownership interest in the El Toro Standard Operating Procedures manual but through Mr. Freeman's roles with multiple Six Flags entities, is that Six Flags Theme Parks Inc. has a role in developing safety procedures for the Jackson, New Jersey park and in assuring compliance with those procedures. Accordingly, having considered the papers submitted and for the reasons set forth above,

**IT IS** on this 27th day of September 2019

**ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint be **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff shall file an Amended Complaint by October 15, 2019.

s/ Douglas E. Arpert
DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE
