# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**Michael Romano, Esquire**
**Romano Garubo & Argentieri**
**Counselors at Law, LLC**
**52 Newton Avenue**
**P.O. Box 456**
**Woodbury, New Jersey 08096**

**Patrick J. Grimes, Esquire**
**Law Offices Patrick J. Grimes, LLC**
**1230 Brace Road**
**Cherry Hill, New Jersey 08034**

| | |
|---|---|
| **EVAN HUZINEC**<br><br>**Plaintiff(s)**<br><br>v.<br><br>**SIX FLAGS GREAT ADVENTURE, LLC, SIX FLAGS ENTERTAINMENT CORPORATION, SIX FLAGS THEME PARKS, INC. JOHN DOE (A-Z) AND XYZ ENTITY (A-Z)**<br><br>**Defendant(s)** | **NO.: 3:16-cv-02754-FLW-DEA**<br><br>**CIVIL**<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, Evan Huzinec, by way of Complaint against defendants, avers as follows:

### INTRODUCTION

1.    This action is brought by plaintiff, Evan Huzinec, as a result of personal injury sustained by him while riding the "El Toro" roller coaster at Six Flags Great Adventure on July 5, 2014.

## PARTIES

2.     Plaintiff, Evan Huzinec, is an individual who resides at 4722 Upland Street, Philadelphia, Pennsylvania 19143.

3.     Defendants, Six Flags Great Adventure, LLC is a limited liability company and Six Flags Entertainment Corporation and Six Flags Theme Parks, Inc. are corporations organized and existing under the laws of the State of New Jersey with a principal place of business located at 1 Six Flags Boulevard, Jackson, New Jersey 08572.  Defendants shall be referred to hereinafter collectively as "defendant Six Flags".

4.     Defendants, XYZ Entity (A-Z) and John Doe (A-Z) is/are fictitious individuals, and/or entities, corporate or non-corporate, yet to be identified through discovery who are responsible to plaintiff for the personal injury sustained by him.

## JURISDICTION AND VENUE

5.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the parties are citizens of different states and the matter in controversy exclusive of interest, costs and attorney's fees exceeds the sum of $75,000.00.

6.     Venue is proper in The United States District Court For The District of New Jersey pursuant to 28 U.S.C. §1332(a)(1) because defendants are subject to personal jurisdiction within this judicial district and there is no other judicial district where the action may be brought.

2

Case 3:16-cv-02754-FLW-DEA   Document 62   Filed 10/15/19   Page 3 of 7 PageID: 866

## COUNT ONE

1. Plaintiff incorporates by reference the averments contained in paragraphs one (1) through six (6) as if each were fully set forth at length herein.

2. On or about July 5, 2014, defendants Six Flags, and/or defendants, XYZ Entity (A-Z), owned, operated, possessed, controlled, inspected, designed, managed and maintained an amusement park including the "El Toro" roller coaster ride located within the amusement park at 1 Six Flags Boulevard, Jackson, New Jersey 08572.

3. At all times material hereto, defendants Six Flags, and/or defendants, XYZ Entity (A-Z), acted through its agents, servants, workman and/or employees and in concert with each other in the course and scope of their employment.

4. On or about July 5, 2014, plaintiff, Evan Huzinec, was a patron and business invitee upon the premises of defendants Six Flags, and/or defendants, XYZ Entity (A-Z), and while lawfully upon the premises and riding as a passenger on the El Toro roller coaster was struck in the head, face and right eye by a flying cellphone dropped by another patron on the ride causing serious and permanent injuries hereinafter more fully described.

3

5.     At all times material hereto, defendants Six Flags, and/or defendants XYZ Entity (A-Z), was negligent, careless, reckless and inattentive in the ownership, operation, possession, control, inspection, design, management and maintenance of their premises and "El Toro" roller coaster by allowing a dangerous and defective condition to exist upon the premises and the roller coaster, by failing adequately to remedy the dangerous and defective condition, by failing to protect plaintiff and others similarly situated from the dangerous and defective condition, by failing to protect plaintiff and others similarly situated from injury, by adopting and implementing defective policies, by failing to remove the dangerous and defective condition, by failing adequately to warn plaintiff and others similarly situated of the defective condition, by failing to provide proper safeguards to plaintiff and others similarly situated, by failing properly to train and supervise its employees, by failing to operate and maintain its amusement park and roller coaster in conformity with the Carnival-Amusement Ride Safety Act, N.J.S.A. 5:3-33 et seq, and by otherwise being negligent under the circumstances and ignoring known risks after notice of injuries to other patrons.

6.     As a direct and proximate result of the negligence, carelessness, recklessness and inattentiveness of defendants Six Flags, and/or defendant XYZ Entity (A-Z), as aforesaid, plaintiff, Evan Huzinec, sustained extensive internal and external injuries in and about the head,

4

face, eye and body including but not limited to, loss of vision in the right eye, displaced fracture of the anterior wall of the right orbit with associated air fluid level within the right maxillary sinus, herniation of fat into the right maxillary sinus, retrobulbar hemorrhage, anterior swelling to the right maxillary sinus and right orbit, vitreous hemorrhage, subconjunctival hemorrhage, orbital floor fracture of the right eye with entrapment and limitation in gaze, posterior displacement of the right eyeball, traumatic cataract, choroidal rupture, lip lacerations and a severe and permanent shock to his nervous system all of which caused and will continue to cause great pain and suffering, has required and will continue to require medical attention and care and has prevented and will continue to prevent plaintiff, Evan Huzinec, from attending to his usual daily duties, activities and occupation all to his great financial and emotional damage and loss.

WHEREFORE, plaintiff, demands judgment, against defendants, jointly and severally, for damages in excess of $75,000.00, plus interest and cost of suit.

### COUNT TWO

1. Plaintiff incorporates by reference the averments in Count One as if fully set forth at length herein.

2. At all times material hereto, defendant Six Flags, acted willfully, wantonly and intentionally in the ownership, operation,

5

possession, control, inspection, design, management and maintenance of their premises and the "El Toro" roller coaster when adopting and implementing policies and procedures for the use of its premises and amusement rides including the "El Toro" roller coaster, by knowingly and intentionally adopting and implementing defective polices, by failing properly to train and supervise its employees, by failing to provide proper safe guards to plaintiff and by otherwise acting willfully, wantonly and intentionally under the circumstances.

3.      As a direct and proximate result of the willful, wanton and intentional conduct of defendant Six Flags, plaintiff suffered the injuries and damages as aforesaid.

WHEREFORE, plaintiff, demands judgment, against defendants, jointly and severally, for damages in excess of $75,000.00, plus interest and cost of suit.

### COUNT THREE

1.      Plaintiff incorporates by reference the allegations in Counts One and Two as if each were fully set forth at length herein.

2.      At all times material hereto, defendant, John Doe (A-Z) was a patron on the "El Toro" roller coaster ride at Six Flags Great Adventure, LLC.

3.      At all times material hereto, defendant, John Doe (A-Z) was negligent, careless, reckless and inattentive in the use of the "El Toro"

6

roller coaster ride by dropping a cellphone striking, plaintiff, Evan Huzinec in the head, face and eye causing serious and permanent injuries as aforesaid.

4.    As a direct result of the negligence of defendant, John Doe (A-Z), plaintiff suffered the injuries and damages as aforesaid.

5.    Defendant, John Doe (A-Z), is jointly and severally liable along with Six Flags to plaintiff, Evan Huzinec.

WHEREFORE, plaintiff, demands judgment, against defendants, jointly and severally, for damages in excess of $75,000.00, plus interest and cost of suit.

### JURY DEMAND

Please take notice that demand is hereby made for trial by jury as to all counts in the Complaint.

Dated: /0 - /5 ~/9

MICHAEL ROMANO, ESQUIRE
Romano Garubo & Argentieri
Counselors at Law, LLC
PATRICK J. GRIMES, ESQUIRE
Law Offices Patrick J. Grimes, LLC
Attorneys for plaintiff, Evan Huzinec